UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERROL JACOB JONES SWABY (AKA SATOSHI NAKAMOTO),

                        Plaintiff,

-against-

HOME BOX OFFICE, INC. (HBO),

                        Defendant.

1:24-CV-7860 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Errol Jacob Jones Swaby, a citizen of California who appears *pro se*, filed this action invoking the court's diversity jurisdiction. He sues Home Box Office, Inc. ("HBO"), which, he alleges, is a citizen of New York. Plaintiff asserts state law claims of libel, and seeks the following alternative relief:

> 1) that [HBO] cease and desist [its] airing of [a documentary in which another person, not Plaintiff, is credited as the creator of Bitcoin, a person known under the pseudonym Satoshi Nakamoto] or 2) [HBO] can air it with an open apology to Satoshi Nakamoto for airing it and disregard his wish to separate himself from a tool built for civilization, or 3) air it and sign [Plaintiff to] an exclusive contract designating HBO as the only media outlet [Plaintiff] can respond to the public through as well as [to] an agreement to sit with [HBO] for one interview per month for the duration of 1 year. Afterw[a]rds[,] the contract can be renegotiated or withdrawn by either party. The contract must include a payment schedule of 25 million [dollars] upfront and 1 million [dollars] per completed interview.

(ECF1, at 8.)

Plaintiff has also filed a "motion for early discovery to obtain evidence from the Federal Bureau of Investigation (FBI)," as well as a "motion for status update and timeline on motion for early discovery." (ECF 8 & 11.)

On January 15, 2025, the Court granted Plaintiff's application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's relevant allegations are as follows. On October 8, 2024, HBO was scheduled to broadcast a television documentary "that falsely claims [that] another individual is Satoshi Nakamoto, [the pseudonym that is attributed to] the creator of Bitcoin."[1] (ECF 1, at 6.) Plaintiff, however, is "the real creator of Bitcoin, though [he has] never publicly revealed [his] identity and ha[s] consistently sought to remain [pseudonymous][2]"; Plaintiff – who is not the person mentioned in the HBO documentary – created Bitcoin under the pseudonym Satoshi Nakamoto.[3] (*Id.*) "HBO's documentary will present . . . false information despite having no factual basis for the claim. By falsely attributing the identity of Satoshi Nakamoto to someone else, HBO will not only mislead the public but also violate [Plaintiff's] right to remain [pseudonymous]." (*Id.*)

Plaintiff states that, by broadcasting its documentary, HBO is also "act[ing] with reckless disregard for the truth, and [its] actions will demonstrate a desire to sensationalize the story at the expense of [his] privacy and the actual facts." (*Id.*) While Plaintiff concedes that HBO's

---

[1] The court received Plaintiff's complaint on October 7, 2024, one day before HBO was to allegedly broadcast the documentary at issue.

[2] Plaintiff uses the term "anonymous." As it appears that he alleges that he created Bitcoin under a false name, however, the Court understands that Plaintiff alleges that he did so not anonymously, that is, without using *any* name, but pseudonymously, that is, using a false name.

[3] Plaintiff alleges that he "was around ten years old when [he] began working on the project. . . . [Plaintiff wanted] to separate [his] identity from the tool that is Bitcoin. . . . [He chose pseudonymity] [t]o keep [himself] and [his] family safe from those who may seek to harm [them]." (ECF 1, at 7.) He also alleges, however, that, "with each attempt to identify [him], it gets increasingly harder for [him] to get recognized." (*Id.*)

documentary "will not reveal [his] true identity, [he states that] HBO's false claims will cause [him] significant harm. The documentary will mislead the public, damage [Plaintiff's] control over [his] legacy, and jeopardize [his] safety." (*Id.*) He also states that HBO's actions "will . . . open the door to harassment and reputational harm, as [he] will be forced to counter these falsehoods to protect [his] identity." (*Id.*) "Given the clear reckless disregard for the truth, [Plaintiff] believe[s] HBO's actions constitute libel." (*Id.*) Plaintiff "seek[s] to correct the public record and to hold HBO accountable for [its] actions." (*Id.*)

## DISCUSSION

A.  **Plaintiff's allegations are implausible and do not satisfy Rule 8**

The Court must dismiss Plaintiff's action because Plaintiff's allegations are simply not plausible, as is required by Rule 8. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Rule 8's plausibility pleading standard is not satisfied when a complaint contains only "an unadorned, the-defendant-unlawfully-harmed-me accusation," "'labels and conclusions[,]' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (citation omitted). It is also not satisfied when a complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted, alteration in original). As discussed above, under this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted, citations omitted); *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("The

4

assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." (quoting *Twombly* 550 U.S. at 556)). Yet, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

Plaintiff, in his complaint, and without providing any factual support, declares that he is the creator of Bitcoin, and that he created it under the false name Satoshi Nakamoto, the presumed pseudonym with which the creation of Bitcoin is widely associated.[4] On October 7, 2024, one day before HBO was to allegedly broadcast a documentary attributing the creation of Bitcoin, and the pseudonym Satoshi Nakamoto, to another person on October 8, 2024, Plaintiff filed this lawsuit asserting claims of libel against HBO. He states that, by broadcasting the documentary – one day after he filed his publicly available complaint in which he himself declares that he is Satoshi Nakamoto, the creator of Bitcoin – HBO would somehow be

---

[4] Plaintiff has not asked the Court to be allowed to proceed under a pseudonym in this action and/or to seal his complaint. Thus, the complaint is a publicly available document, and all of its contents, including Plaintiff's declaration that he is Satoshi Nakamoto, the creator of Bitcoin, are completely available for public scrutiny. *Bridge C.A.T. Scan. Assocs. v. Ohio-Nuclear Inc.*, 608 F. Supp. 1187, 1195 (S.D.N.Y. 1985) ("Once filed, the complaint is a public document with access to it available to the public and the news media."); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("a complaint is a judicial document subject to a presumption of access").

5

"mislead[ing] the public," "violat[ing] [his] right to remain [pseudonymous]," "damag[ing] [his] control over [his] legacy, . . . jeopardiz[ing] [his] safety[,] . . . [and] open[ing] the door to harassment and reputational harm [to be suffered by him]." (ECF 1, at 6.) He also states that the broadcasting of this documentary "forces [him] to counter the[] falsehoods [made in it] to protect [his] identity." (*Id.*)

In that same complaint, however, Plaintiff concedes that HBO (unlike himself) "will not reveal [his] true identity" (*id.*), but that it will still somehow injure him by attributing the creation of Bitcoin, and the pseudonym Satoshi Nakamoto, to someone else. Additionally, among the alternative relief he seeks, and though he alleges that HBO's actions could cause harassment and harm to himself and his family, Plaintiff states that he would allow the broadcast of the documentary, so long as HBO issues an apology or enters into an agreement with him in which it pays him millions of dollars.

Notwithstanding whether Plaintiff's claims of libel should be understood as brought under New York or California law, Plaintiff's allegations are threadbare and insufficient to state any claim, including any claim of libel, under Rule 8's plausibility pleading standard. *See Cao v. Flushing Paris Wedding Ctr. LLC*, No. 1:20-CV-2336, 2022 WL 219565, at *4 (E.D.N.Y. Jan. 25, 2022) ("[T]he counterclaim consists of a '[t]hreadbare recital[ ] of the elements' of defamation, supported only by a vague assertion that [the counterclaim defendants] made false statements. Those conclusory allegations are insufficient to state a claim and so the defamation counterclaim is dismissed." (citations omitted)); *Neal v. Asta Funding, Inc.*, No. 7:13-CV-2176 (VB), 2014 WL 3887760, at *4 (S.D.N.Y. June 17, 2014) ("Because plaintiff's threadbare allegations fail even to satisfy the liberal 'plausibility' pleading standard, plaintiff has 'not nudged [his defamation] claim[] across the line from conceivable to plausible.'" (quoting

6

*Twombly*, 550 U.S. at 547) (alterations in original)); *see also Basile v. Los Angeles Film Sch., LLC*, 827 F. App'x 649, 652 (9th Cir. 2020) (unpublished memorandum and order) ("Plaintiff fails to state any plausible claim for . . . defamation . . . as he either omits required elements or rests each of those claims on unreasonable inferences or conclusory legal allegations."). Plaintiff's vague assertions are internally inconsistent and lack sufficient factual background; they are best described as conclusory and unreasonable. Accordingly, because Plaintiff does not satisfy Rule 8's plausibility pleading standard, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(ii).

**B.     Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile or where the action is frivolous. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citations omitted).

Nothing in Plaintiff's conclusory assertions suggest that Plaintiff could plead facts plausibly linking his identity with that of the pseudonymous Satoshi Nakamoto. In addition, even if he did plead such facts, Plaintiff cannot allege anything showing that, under either New York or California law, HBO has or will, by broadcasting the documentary attributing another person as being Satoshi Nakamoto, *defame(d) Plaintiff* for the purpose of any type of claim of defamation, including a claim of libel. *See* Ca. Civil Code § 45 ("Libel is a false and

unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which *exposes any person* to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (emphasis added)); *Foster v. Churchill*, 87 N.Y.2d 744, 751 (1996) ("[With respect to a] claim of defamation, that term is defined as the making of a false statement which tends to *expose the plaintiff* to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." (emphasis added, internal quotation marks and citations omitted)). Thus, because no amendment to Plaintiff's complaint could provide facts sufficient to state a claim, and because his claims are also frivolous, as they arise from clearly baseless allegations and an indisputably meritless legal theory, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Accordingly, the Court denies all of Plaintiff's pending requests and motions as moot.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:  January 17, 2025
        New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge